# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Mark Ellis Brown, ) | |
| ) | Civil Action No. 5:14-cv-04723-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254 (2012). (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 25), recommending that Respondent's Motion for Summary Judgment (ECF No. 15) be granted and Petitioner's action (ECF No. 1) be denied. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

## I.     LEGAL STANDARD

*A.     The Magistrate Judge's Report and Recommendation*

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) (2012) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

*B.     Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

*C.     Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254

usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not

3

only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

    D.       *Federal Habeas Corpus Statute of Limitations*

28 U.S.C. § 2254(d), as amended, governs review of Petitioner's claim since he filed it after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). AEDPA explicitly states that a one-year statute of limitations period applies to habeas applications from persons in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute clarifies that the limitation period shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). Finally, AEDPA makes clear that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## II.     ANALYSIS

*A.     The Report and Petitioner's Objection*

In her Report, the Magistrate Judge explained that since Petitioner did not appeal his state conviction and sentence, his one-year statute of limitations began running when his state convictions became final, as AEDPA provides. (ECF No. 25 at 22–23 (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54).) In ultimately determining Petitioner's habeas Petition was untimely, the Magistrate Judge explained, in relevant part:

> Petitioner had ten days to timely file a notice of appeal from his conviction and sentence. *See* Rule 203 (b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Therefore, his conviction and sentence became final on February 16, 2006, or ten days after his guilty plea and sentencing on February 6, 2006. Pursuant to *Gonzalez*, the statute of limitations began running on February 16, 2006. Petitioner subsequently filed his [post conviction relief ("PCR")] application on February 21, 2007 (2007-CP-400-1156). App. 67-94. By the time Petitioner filed his PCR application, 375 days elapsed from his one-year AEDPA statute of limitations. Though Petitioner's PCR proceedings would have tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."), Petitioner's limitation period had already expired before he sought to exhaust his state remedies. Furthermore, two months passed between the time Petitioner's PCR appeal was remitted on October 10, 2014, and the filing of his habeas Petition on December 10, 2014. Therefore, Petitioner's habeas petition is untimely. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

(*Id.* at 23.) The Magistrate Judge further found that Petitioner had failed to present any evidence of an extraordinary circumstance such that the statute of limitations should be equitably tolled. (*Id.* at 23–26.)

In response, Petitioner first claims that he did not exhaust his available state court remedies, as 28 U.S.C. § 2244 habeas relief requires, until September 26, 2014. (ECF No. 32 at 1 (citing September 26, 2014 as the date on which he received a letter from Appellant Defender, Lanelle Dureant).) Describing his inexperience in the law, Petitioner next explains that he never was notified that his hired legal representation had "abandoned" him before his habeas petition's deadline and that he should not be penalized for his attorney's failure. (*Id.* at 2 (explaining that he wrote to his attorney in March and April of 2006, to which he got no response).) Petitioner concludes that these facts "reduce [the Magistrate Judge]'s time line" and that the "reduction of time from her calculations removes the time bar limitations which is her only argument in the Report and Recommendation." (*Id.*)

    B.    *The Court's Analysis*

This court first recognizes that Petitioner's claim that he exhausted his state court remedies on September 26, 2014 does not achieve anything for his federal habeas petition before this court. Petitioner's state court conviction and sentence were final on February 16, 2006. By the time Petitioner filed his *state* post-conviction relief application (February 21, 2007), his one-year *federal* habeas statute of limitations had already expired, as the Magistrate Judge noted in her Report.

But because a timely filed state PCR application would have tolled Petitioner's federal habeas petition, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection."), his objections nonetheless raise the question of whether he must be held liable for any delay by his attorney in terms of Petitioner's federal habeas relief. To the extent that Petitioner believes his state PCR counsel was ineffective or incompetent because of the delay, the answer to that question in this case unfortunately is "yes."

First, even assuming that Petitioner "patiently wait[ed] on advice or direction" from a paid attorney to proceed with his federal habeas petition and that the attorney abandoned him, (*see* ECF No. 32 at 2 (referencing attached copies of the correspondence between Petitioner and his attorney)), the law is still clear: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C.A. § 2254(i) (2012). The actions of Petitioner's former attorney are attributable to Petitioner "not because [Petitioner] participated in, ratified, or condoned their decisions," but because the lawyer was Petitioner's agent, and "[the lawyer's] actions were attributable to [Petitioner] under standard principles of agency." *Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991) (explaining that attorney error, short of ineffective assistance of counsel, is, under standard principles of agency, attributable to the client) and *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[A] defendant [who] is represented by counsel whose performance is not constitutionally ineffective . . . bear[s] the risk of attorney error.")). And even giving Petitioner the benefit of the doubt, neither do Petitioner's claims, if true, make it such that the statute of limitations for filing his federal habeas petition should be equitably tolled. *Id.* at 248–49; *see also, e.g.*, *Arrington v. Wheeler*, No. 7:06CV00351, 2006 WL 2323324, at *1 (W.D. Va. Aug. 9, 2006) (ruling that the

7

federal habeas petitioner's arguments that she was 'abandoned' by the attorney who represented her as part of her state habeas proceedings was without merit).

This Court then is forced to accept the Magistrate Judge's conclusion that Petitioner's federal habeas corpus petition is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

### III.     CONCLUSION

For the reasons set forth above, the court **ADOPTS** the findings of the Magistrate Judge's Report and Recommendation (ECF No. 25).  It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 15) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, Petitioner has not met the legal standard for the issuance of a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 8, 2016
Columbia, South Carolina